(5 App. Div. 217.)

### PEOPLE ex rel. LANG v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. May 8, 1896.)

POLICE OFFICER—REMOVAL—SUFFICIENCY OF EVIDENCE.

> A police officer was charged with being absent from morning roll call. The day in question was his "day off." The complaining witness testified that such officer failed to answer to his name when called. Four apparently disinterested witnesses testified that they saw the officer at the station house at the time in question. The complaining witness then testified that he was positive the officer was not present. *Held*, that the evidence was insufficient to warrant the board of police commissioners in dismissing such officer.

Certiorari by George Lang to review the action of James J. Martin and others, constituting the board of police commissioners of the city of New York, in dismissing relator from the police force of such city. Dismissal annulled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

L. J. Grant, for relator.
F. M. Scott, for respondents.

BARRETT, J. The charge against the relator was unimportant, and it was substantially unsupported by evidence. It was also overwhelmingly disproved. The charge was that the relator "was absent from 6:20 a. m. return roll call, October 23, 1894, and did not report until 6 p. m., the same date." One would suppose from this specification that it was intended to charge the relator with a serious dereliction, in neglecting his duty for an entire day. But it appeared without dispute that the day in question was the relator's "day off." The complaining witness, Serg. Moynihan, testified as follows: "Q. What was his [relator's] duty, after answering return roll call? A. To go where he pleased. Q. It was his day off? A. Yes." Thus it will be seen that the specification amounted to nothing more than a charge that the relator was absent at the moment of morning roll call. Even this petty offense was originally unsupported, for Moynihan only testified that the relator failed to answer to his name when called. At the close of the case, however, after four witnesses

had testified that they saw Lang at the station house at the time in question, he did state that he was positive that Lang was not present.  Whether he meant that Lang was not actually present, or that he failed to respond when his name was called, was certainly left in doubt.  The fact undoubtedly was that Lang was present, although possibly he may not have heard his name called, and may not have responded at the moment.  That he was present is proved by the testimony of four seemingly disinterested witnesses.  They all say that he was in the station house at the time of roll call, though they do not claim that Lang answered to his name.  Upon the whole, the charge was so trivial, and the testimony was so overwhelmingly in the relator's favor, that we feel bound to reverse what was certainly a most unjust conviction.  We are loth to interfere in these cases, and we realize that the discipline of the force is a paramount consideration.  That discipline would surely be relaxed, were the officers of the force to imagine that the judgments of their superiors failed to receive serious and respectful consideration from the courts.  The rule and the practice are quite the reverse.  The judgment of the commissioners is not to be, and never is, lightly interfered with.  Such judgment has all the force of the verdict of a jury, and should not be disturbed unless it is so overwhelmingly against the weight of evidence as to justify the inference of passion, prejudice, partiality, or clear mistake.  We think the present case comes within the latter category, and we are therefore constrained to annul the judgment of the board, with $50 costs and disbursements of the appeal.  All concur.