PEOPLE ex rel. McGLONE v. ROOSEVELT et al., Police Com'rs.

(Supreme Court, Appellate Division, First Department.    June 29, 1896.)

POLICEMAN—DISMISSAL—EVIDENCE.

On the hearing of charges against a policeman for neglect of duty in being absent without leave, it appeared that a telegram had been sent to the police department saying that he was ill. A police surgeon, who was sent to see him, reported him ill and unfit for duty; that he prescribed for him, and kept him on the sick list until he reported for duty; and that part of the trouble was due to drinking, though he did not think that the officer was an habitual drinker. The officer testified that he was ill during his whole absence; that he had been on the police force for 12 years, and had never been charged with intoxication. His testimony was confirmed by other witnesses. *Held*, that the evidence did not sustain the charge.

Certiorari by James H. McGlone to review the determination of Theodore Roosevelt and others, composing the board of police commissioners of the city of New York, dismissing relator from the police force.    Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Louis J. Grant, for relator.

Terence Farley, for respondents.

INGRAHAM, J.   As was stated by Mr. Justice Barrett, writing the opinion of this court in People v. Martin (not yet officially reported) 39 N. Y. Supp. 74:

"The judgment of the commissioners is not to be, and never is, lightly interfered with.   Such judgment has all the force of the verdict of a jury, and should not be disturbed unless it is so overwhelmingly against the weight of evidence as to justify the inference of passion, prejudice, partiality, or clear mistake."

But this judgment is so overwhelmingly against the weight of evidence that it can almost be said to be without evidence to support it.    The charge against the relator was neglect of duty, the specification being that the relator was absent without leave from 8 a. m., Wednesday, October 30th, until 9:10 a. m., Thursday, October 31st.    To justify the respondents in dismissing the relator, it was necessary that there should be some proof that the action of the relator in being absent was a neglect of duty.    It seems that the relator was transferred from the Eleventh precinct to the Seventh on the 29th of October, and he was to report at the Seventh precinct at 8 o'clock in the morning of the 30th of October; that he had been absent from duty in the Eleventh precinct from 9:15 a. m. on the 29th, and was not heard from until 10 minutes past 9 o'clock on October 31st, when a telegram was received, saying that he was ill.    A police surgeon was sent to see him on the 31st

of October, and reported him in bed, ill with a sore throat and catarrhal bronchitis and some catarrh of the stomach; and the surgeon says that he was then unfit for duty on account of these ailments, and that he prescribed for him, and kept him on the sick list until the morning of November 7, 1895, when he returned to duty. The surgeon also said that he thought that his sore throat and bronchitis were fairly attributable to a heavy cold owing to extra registry duty; that the stomach trouble was to some extent caused by the relator's drinking, and that he did not think that the relator was an habitual drinker, although visiting him every day from the time of the first visit to the date of the trial. The relator was sworn, and said that after he performed his dog watch from 6 to 8 on the 29th, he answered return roll call, and then went to his sister-in-law's house, getting there about 9 o'clock, when he went to bed, too ill to move until the next afternoon, when his wife came, and he was taken home, and had been under charge of the police surgeon ever since; that he had been on the force for 12 years, during which term he never had a charge for intoxication against him. This testimony of the relator is confirmed by the relator's niece, who was living with her mother at the house where the relator was taken sick. Every witness who testified as to the relator confirmed his account of his sickness, and there is not a particle of evidence to justify the suspicion that the relator's story was not strictly true. That he was sick, and unfit for duty, on the 30th, is clearly established by the physician of the department. That that sickness commenced on the 29th, as the relator and his witness swear it did, is most probable, and from the evidence it may be said to have been most satisfactorily established, and without the proof of a single fact that would justify any opposing inference. It is impossible for us to conceive how any man, from reading this testimony, could come to any other conclusion than that the relator's absence from duty was caused by a serious sickness, which incapacitated him. That fact being established, it is clear that there was no neglect of duty, and that the charge was unproved; in fact, disproved.

The proceeding must, therefore, be reversed, and the relator reinstated, with costs. All concur.